UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | No. 2:16-cv-2219-WBS-EFB P<br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

    A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions in this court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g., Hardaway v. Pear*, No. 1:07-

1

cv-1664-LJO-SMS (E.D. Cal. Mar. 17, 2008) (designating plaintiff as a three-strikes litigant); *Hardaway v. Lockard*, No. 1:07-cv-0204-LJO-WMW (E.D. Cal. Sept. 27, 2007) (same).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Plaintiff complains that he was transferred to a different prison and denied access to his property, the chapel, and the courts, and that he is being served sugar-free food, which contains aspartame, viewed as a "poison" by plaintiff. ECF No. 1. These allegations fail to demonstrate that plaintiff faced an imminent danger of serious physical injury at the time he filed the complaint. Thus, the imminent danger exception does not apply. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and cannot proceed in forma pauperis, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 6, 7) is denied; and

2. Plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation of dismissal.

Dated: April 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE